Cite as 2020 Ark. 422

# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| IN RE AMENDMENT TO ADMINISTRATIVE ORDERS NOS. 1 AND 16 | Opinion Delivered: December 17, 2020 |

## PER CURIAM

Effective January 1, 2021, Administrative Order No. 1 is abolished, and Administrative Order No. 16 is amended and republished as set forth below. The changes are indicated in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

## Administrative Orders

### Order 1. Special Judges

Section 1. The procedure set out in this administrative order is intended to apply when the judge of a circuit court shall fail to attend on any day scheduled for the holding of that court due to an emergency or sudden illness, or when a judge's disqualification from presiding in any pending case is unanticipated. It should be employed to address unforseen1 situations in which a replacement cannot be assigned pursuant to Administrative Order No. 16-Procedures Regarding the Assignment of Judges. Administrative Order No. 16 requires that when a circuit judge is temporarily unable to serve, first, the other judges in the circuit should attempt to cover the absence; next, the Chief Justice should be requested to make an assignment; lastly, Administrative Order No. 1 should be utilized.

Section 2. When a special judge is to be elected, notice shall be given by the clerk of the court to the regular practicing attorneys in the county served by the court in the most practical manner under the circumstances, including giving notice by telephone or by posting the notice in a public and conspicuous place in the courtroom. Upon notice from the clerk

of the court, the regular practicing attorneys attending the court may elect a special judge. The attorneys present in the courtroom shall elect one of their number as special judge. The election shall be conducted by the clerk of the court, who will accept nominations from the attorneys present. Only attorneys who are qualified to serve as special judge may vote in the election of a special judge. The election shall be by secret ballot. The attorney receiving a majority of the votes shall be declared elected as special judge. He or she shall immediately be sworn in by the clerk and shall immediately enter upon the duties of the office. He or she shall adjudicate those causes pending at the time of his or her election.

Section 3. No person who is not an attorney regularly engaged in the practice of law in the State of Arkansas and duly licensed and in good standing to do so, and who is not a resident possessed of the qualifications required of an elector of this state, whether registered to vote or not, shall be elected special judge. A law clerk is not eligible to be elected as a special judge.

Section 4. For purposes of this rule, each division of circuit court in a multi-judge county shall be considered to be a separate court.

Section 5. The clerk of the court in the county in which the special judge election is held shall make a record of the proceedings, which shall be a part of the record of the court and shall be in substantially the following form:

IN THE _____ COURT OF _____ COUNTY, ARKANSAS

IN THE MATTER OF _____, SPECIAL JUDGE

Now on this ___ day of _____, ___, Honorable _____ [notified the clerk that he/she was unable to attend or preside over this court on this day][failed to attend and preside over this court on this day].

WHEREUPON, the Clerk gave notice pursuant to Administrative Order No. 1 that an election was to be held for a Special Judge to preside during the absence of said Judge.

AND THEREAFTER, Honorable _____, an attorney at law, a resident of the State of Arkansas and possessing the required qualifications, having received a majority of the votes cast at such special election, at which only the practicing attorneys in attendance in the Court were allowed to vote, was found and declared to be duly elected Special Judge to preside during the absence of Honorable _____.

2

WHEREUPON, the Clerk did administer the oath of office required by law for such Special Judge, and he/she assumed the bench and entered upon the discharge of his/her duties herein.

_____

Clerk

OATH OF OFFICE

STATE OF ARKANSAS)

COUNTY OF _____)

I, _____, do solemnly swear that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the office of Special Judge of _____ Court, _____ Division, _____ County, upon which I am about to enter.

_____
Special Judge

Witnesses:
_____
_____
_____

Subscribed and sworn to before me this ___ day of _____, ___.

_____
Clerk

By:
_____
Deputy Clerk

**Order 16. Procedures Regarding the Assignment of Judges**

**Section I. Authority and scope.**

Pursuant to Ark. Const. Amend. 80, §§ 4, 12, and 13; Ark. Code Ann. §§ 16-10-101 (Repl. 2010) (Supp 2019), 16-13-214 (Repl. 2010), and this Court's inherent rule making authority, the Court adopts and publishes Administrative Order No. 16: Procedures Regarding the Assignment of Circuit, District, and Retired Judges and Justices.

This Order authorizes the Chief Justice to assign (A) sitting circuit court judges, (B) retired circuit, chancery, circuit/chancery, and appellate court judges and justices, and (C) sitting state district court judges, with their consent, to serve temporarily in circuit court. Sitting circuit judges may be are authorized to sit in a judicial circuit other than the one in which they are currently elected or appointed. Retired judges or retired justices are those who, at the time of assignment, are receiving or have met the statutory requirements to receive judicial retirement benefits.

This Order also authorizes the Chief Justice to assign (A) sitting district court judges, (B) sitting state district court judges, and (C) retired district court judges and retired state district

4

court judges, with their consent, to serve temporarily in a district court. Sitting district court judges and sitting state district court judges may be ~~are~~ authorized to sit on assignment in a city, county or <u>judicial</u> district other than the one to which they are currently elected or appointed. Retired district court judges and retired state district court judges may sit in any county in the state. ~~Retired district court or retired state district court judges are those who, at the time of assignment, are receiving or have met the statutory requirements to receive judicial retirement benefits.~~ Sitting circuit judges and retired circuit~~, chancery, circuit/chancery,~~ and appellate judges ~~are~~ <u>may</u> also <u>be</u> authorized, with their consent, to sit temporarily in district courts, upon appointment by the Chief Justice.

~~By adoption of this Order, the Court does not prohibit the use of Exchange Agreements by circuit judges or district judges pursuant to Ark. Const. amend. 80, §§ 6(C) and 7(E); § 16-17-102 (Repl. 2010), and the use of "special judges" as provided by Ark. Const., amend. 80, § 13(C); Ark. Code Ann. § 16-17-210 (Repl. 2010); and Administrative Order No. 1.~~ <u>With the adoption of this Order, it is no longer necessary for courts to use Exchange Agreements.</u>

<u>With the adoption of this Order, Administrative Order No. 14, Section 3(c)(1) is repealed. It is no longer necessary for the administrative plan to provide the process for handling recusals, the reassignment of a case, or requests for assignment of a judge by the Supreme Court.</u>

5

With the adoption of this Order, Administrative Order No. 1 and Administrative Order No. 18, Section 8 are repealed. It is no longer necessary to provide a process for the election of special judges.

This Order provides a process for the assignment of judges in the event of disqualification, temporary inability to serve, or other need in a way that does not undermine the random assignment of judges. The duties of the Chief Justice under this Order may be discharged by his or her designee.

**Section II. Bases for assignment.**

A. Disqualification pursuant to Arkansas Code of Judicial Conduct; or

B. Temporary inability to serve; or

C. Other need as determined by the Chief Justice.

**Section III. Request for assignment.**

*Circuit Courts*: A trial judge requesting that a judge be assigned shall write a letter to the Chief Justice asking that an assignment be made pursuant to one or more of the bases set forth in Section II. In cases of disqualification in judicial circuits with more than one judge, the process in the circuit's administrative plan should be followed. All judges in the circuit must disqualify before an assignment will be made. One judge in the circuit is responsible for writing the letter of request, sufficient in detail to inform the Chief Justice of the following:

All judicial circuits shall follow this process for the reassignment of a case and the request for an assignment of a special judge by the Chief Justice. A judge recusing him- or herself from a case shall file an Order of Recusal. The Circuit or County Clerk shall enter the case as a "recuse" into the case management system, which will then randomly reassign the case to another judge. The case management system shall first reassign the case to another judge who hears that case type before assigning the case to other judges in the circuit. If the newly assigned judge requests a recusal, he or she shall file an Order of Recusal. The reassignment process shall continue until an appropriate judge is selected by the case management system or until all judges in the circuit have filed Orders of Recusal.

If all judges have been recused, the Circuit or County Clerk shall complete the form provided by the Administrative Office of the Courts to request a special judge. The Clerk shall send the form, along with documentation that all judges in the circuit have been recused, to the Chief Justice requesting that an assignment be made.

A. that all the judges in the circuit have recused;

B. the type of case involved;

C. the facts or law in dispute;

D. whether a temporary hearing is scheduled or necessary;

E. the estimated time to hear the matter;

F. the names of the attorneys representing the parties; and

7

G. other pertinent information to assist the Chief Justice in making an assignment.

Circuit judges shall not be involved in the process of reassignment other than to accept the case or disqualify from the case. Documentation of recusals and all logistics regarding reassignment shall be handled by the Circuit or County Clerk as an administrative function.

If any provisions contained within a circuit's administrative plan conflict with the process outlined herein, this Administrative Order is controlling.

*District Courts*: ~~A district court judge requesting that a judge be assigned~~ District Courts shall follow the same ~~procedure~~ process as set out for circuit courts above but will utilize the District Court Clerk.~~, including the requirement pertaining to the disqualification of all judges in multiple-judge districts. A request shall include the same information pertinent to a case as set out above for circuit court cases.~~

If all judges have been recused, the District Court Clerk shall complete the form provided by the Administrative Office of the Courts to request a special judge. The clerk shall send the form, along with documentation that all judges in the district have been recused, to the Chief Justice requesting that an assignment be made.

8

District judges shall not be involved in the process of reassignment other than to accept the case or disqualify from the case. Documentation of recusal and all logistics regarding reassignment shall be handled by the District Court Clerk as an administrative function.

If any provisions contained within a district's administrative plan conflict with the process outlined herein, this Administrative Order is controlling.

*Circuit and ~~or~~ District Courts*: After notifying the clerk's office of the need for reassignment, a judge shall take no further action in the case other than to direct the attorneys and self-represented litigants to contact the clerk's office regarding reassignment. ~~A judge or judges recusing because of disqualification shall take no further action in a case after assignment, except that the judge requesting an assignment shall direct his or her staff to notify the attorneys or pro se litigants of the assignment and to accommodate, to the extent possible, an assigned judge regarding facilities and staff, when necessary, to carry out the assignment.~~

If the case management system lacks the capability to reassign a case as detailed above, the clerk's office shall be responsible for creating a process to randomly reassign the case. It is the responsibility of the clerk to document the reassignment process in each case to ensure that the random selection of the judge can be independently verified.

The process provided herein shall also be used when a judge is temporarily unable to serve. Either the case management system or the clerk shall be responsible for randomly reassigning the date(s) to another judge as detailed above. The reassignment process shall continue until a judge is assigned or until it is determined that no other judges are able to cover the date(s). If all judges are unavailable, the clerk shall complete the "Form Requesting Chief Justice to Assign a Special Judge." The clerk shall send the form, along with documentation that all judges in the circuit or district have been recused, to the Chief Justice.

**Section IV. Considerations in making assignments.**

Issues which will be considered in selecting a judge to be assigned include, but are not limited to:

A. the type and complexity of the case;

B. the amount of time estimated for the assignment;

C. the geographic location of the case and the proximity of the assigned judge; and

D. the consent of the sitting judge or retired judge or justice selected.

Under no circumstances shall a judge, a lawyer, or a party seek to influence the decision of the Chief Justice in making an assignment.

**Section V. Assigned judges' power to sign documents.**

A judge assigned to a cause or matter may render or sign orders, judgments, documents, or other papers in that cause or matter in a geographic location other than the judicial circuit or district in which the cause or matter is pending. Such order, judgment, document, or other paper shall have the same effect, for all intents and purposes, as if signed in the judicial circuit or district in which the matter or cause is pending.

**Section VI. Terminations and reassignments.**

An assignment, once made, will be terminated only for good cause at the request of the assigned judge or at the discretion of the Chief Justice.

~~Circuit Courts:~~ After termination of an assignment and notification to the clerk ~~in the county in which the case is filed~~, the clerk shall reassign the case <u>to a judge at random. If all judges in the judicial circuit or judicial district recuse,</u> ~~within the circuit to the appropriate judge. If the cause necessitating the assignment still exists,~~ the process for assignment by the Chief Justice may begin anew ~~with~~ <u>upon completion of the "Form Requesting Chief Justice to Assign a Special Judge."</u> ~~a letter from a judge in the circuit to the Chief Justice.~~ <u>The clerk shall send the form to the Chief Justice along with documentation that all judges in the district have been recused.</u> Assignment shall be made in the same manner as set out herein.

~~District Courts: After termination of an assignment and notification to the clerk of the district court in which the case is filed, the district clerk shall notify the district court of the~~

11

termination of assignment. If the cause necessitating the assignment still exists, the process for assignment by the Chief Justice may begin anew with a letter from the district judge to the Chief Justice. Assignment shall be made in the same manner as set out herein.

**Section VII. Reports.**

All judges assigned to circuit court cases are subject to Administrative Order No. 3, which requires the reporting of cases that have been under advisement for more than ninety (90) days after final submission. For reporting such cases, a judge shall follow the process set out in Administrative Order No. 3(2)(A). A judge who has no cases that have been under submission for more than ninety (90) days is not required to file a report.